UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
PANTON AVILA,

                        Plaintiff,          **AMENDED COMPLAINT**

      -against-

                                                             Civ. No.  14 cv 1108 (PKC)

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL ALBA, SHIELD #14423 & POLICE      **PLAINTIFF DEMANDS**
OFFICER CHRISTOPHER GAZZA, SHIELD #4807,  **A TRIAL BY JURY**

                        Defendants.
------------------------------------X

       Plaintiff, by his attorneys, GIORDANO LAW OFFICES, PLLC, complaining of Defendants, respectfully alleges upon information and belief:

## PRELIMINARY STATEMENT

       1.     Plaintiff brings this action pursuant to 42 U.S.C. §1983 *et seq.* for an incident of police misconduct and deprivation of protected rights, including those rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, that transpired on or about December 19, 2013 and thereafter, when police officers employed by THE CITY OF NEW YORK, including POLICE OFFICER MICHAEL ALBA, SHIELD # 14423 (hereinafter "PO ALBA") and POLICE OFFICER CHRISTOPHER GAZZA, SHIELD #4807 (hereinafter "PO GAZZA") assaulted, battered, wrongfully detained, and falsely arrested Plaintiff PANTON AVILA in Kings County, NY.

## STATEMENT OF FACTS

       2.     On or about December 19, 2013 at approximately 3:25 a.m., Plaintiff was speaking on his cell phone in the lobby of his mother's building located at 885 Gates Avenue, Brooklyn, NY, when Defendants shouted epithets at Plaintiff and aggressively demanded that Plaintiff open the exterior lobby door so that they could enter the building.

3. Plaintiff was fearful of Defendants' aggressive demeanor and backed away from the door as he continued to speak on his phone. Defendants then forced their way through the lobby door and threw Plaintiff against a wall and slammed him to the floor, without justification.

4. Defendants arrested Plaintiff without probably cause and without any basis whatsoever other than for standing in the lobby of his mother's building, which is not a crime.

5. Defendants kneed Plaintiff in the testicles, cut his hand, and injured his spine, wrist and shoulder. Plaintiff was treated by EMS and later sought medical treatment at SUNY Downstate Hospital for such injuries.

6. Defendants caused Plaintiff to be transported to the 83 Precinct, where he was charged with Resisting Arrest, Obstruction of Governmental Administration and Disorderly Conduct.

7. Plaintiff was held in custody for several hours, but there being no reasonable basis for the filing of criminal charges, the reviewing Assistant District Attorney refused to write up such bogus charges and Plaintiff was thereafter released from Central Booking prior to arraignment.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C § 1331 in that this action arises under 42 U.S.C. § 1983 *et seq.*, and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

9. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant THE CITY OF NEW YORK resides in this District. Additionally, all Defendants are subject to personal jurisdiction in this District.

10. Prior to the commencement of this action, and within ninety days after the claim arose, Plaintiff caused a Notice of Claim in writing to be served upon the Defendant THE CITY OF NEW YORK, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notice of Claim set forth the names and post office addresses of Plaintiff and her attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.

11. Over thirty days have elapsed since the service of such Notice of Claim, and THE CITY OF NEW YORK has failed to settle or adjust this matter.

12. This action was commenced within one year and ninety days after the cause of action herein accrued.

## THE PARTIES

13. At all relevant times, Plaintiff PANTON AVILA was and remains a resident of Kings County, New York.

14. At all relevant times, Defendants PO ALBA and PO GAZZA acted in their official capacities and were employees, agents, or servants of Defendant THE CITY OF NEW YORK, acting under color of state law, within the meaning of 42 U.S.C. § 1983 *et seq*.

15. THE CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York. At all relevant times, Defendant THE CITY OF NEW YORK acted through its employees, agents and/or servants,

including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

16. Defendants PO ALBA and PO GAZZA are employees acting within the scope of their employment as officers of the New York City Police Department.

### AS AND FOR A FIRST CLAIM OF FALSE ARREST PURUSANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS PO ALBA and PO GAZZA

17. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

18. On or about December 19, 2013, in the vicinity of 885 Gates Avenue in Brooklyn, NY, Defendants PO ALBA and PO GAZZA, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested Plaintiff.

19. Plaintiff engaged in no wrong doing or illegal conduct at that time and place and was simply talking on his cell phone in the lobby of his mother's residence.

20. Without probable cause or justification, Defendants PO ALBA and PO GAZZA physically and forcibly handcuffed Plaintiff and arrested him.

21. As a result of the foregoing, Defendants PO ALBA and PO GAZZA, acting under color of state law, violated 42 U.S.C. § 1983 *et seq.*, deprived Plaintiff of rights secured by the Constitution and laws of the United States, including those rights protected by the Fourth and Fourteenth Amendments, their right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

22. As a result of the foregoing, Plaintiff suffered loss of liberty and life, substantial emotional and psychological pain and was otherwise injured.

23. As a result of the foregoing, Plaintiff demands monetary damages against Defendants PO ALBA and PO GAZZA and further seeks punitive damages against Defendants in an amount to be determined by a jury.

### AS AND FOR A SECOND CLAIM FOR ASSAULT AND BATTERY PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANTS PO ALBA and PO GAZZA

24. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

25. Defendants PO ALBA and PO GAZZA acted intentionally and with deliberate indifference to the rights, life and liberty of Plaintiff by physically attacking, assaulting, and battering Plaintiff without justification or probable cause.

26. As a result of the aforementioned occurrence, Defendants PO ALBA and PO GAZZA, acting under color of state law, violated 42 U.S.C. § 1983 and deprived Plaintiff of his rights secured under the Fourth and Fourteenth Amendment of the Constitution of the United States and the Constitution and Art. 1, § 12 of the State of New York including those rights provided by the Fourth and Fourteenth amendments, the right not to be deprived of life, liberty, and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and constitutions of the United States and the State of New York.

27. As a result of the foregoing, Plaintiff sustained personal injuries and other consequential damages.

28. As a result of the foregoing, Plaintiff demands monetary damages against Defendant THE CITY OF NEW YORK in an amount to be determined by a jury.

### AS AND FOR A FOURTH CLAIM FOR FALSE ARREST
### AGAINST ALL DEFENDANTS

29. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

30. As more fully described above, Defendants PO ALBA and PO GAZZA, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested Plaintiff, and detained him for several hours.

31. As a result of the foregoing, Plaintiff suffered loss of liberty and life, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

32. As a result of the foregoing, Plaintiff demands monetary damages against all Defendants, including the CITY OF NEW YORK, and is further seeking punitive damages against PO ALBA and PO GAZZA in an amount to be determined by jury.

### AS AND FOR AN SIXTH CLAIM FOR ASSAULT & BATTERY
### AGAINST ALL DEFENDANTS

33. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

34. Defendants PO ALBA and PO GAZZA acted intentionally and with deliberate indifference to the rights, life and liberty of Plaintiff by physically attacking, assaulting, and battering Plaintiff without justification or probable cause.

35. As a result of the aforementioned occurrence, Defendants PO ALBA and PO GAZZA, acting under color of state law, violated 42 U.S.C. § 1983 and deprived Plaintiff of his rights secured under the Fourth and Fourteenth Amendment of the Constitution of the United States and the Constitution and Art. 1, § 12 of the State of New York including those rights provided by the Fourth and Fourteenth amendments, the right not to be deprived of life, liberty, and property without

due process of law, and other rights, privileges and immunities guaranteed by the laws and constitutions of the United States and the State of New York.

36. As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

37. As a result of the foregoing, Plaintiff demands monetary damages against all Defendants and is further seeking punitive damages against PO ALBA and PO GAZZA in an amount to be determined by a jury.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

a. Compensatory damages;

b. Punitive damages against Defendants PO ALBA and PO GAZZA;

c. Convening and empaneling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
June 10, 2014

Giordano Law Offices PLLC

By: _____
Carmen S. Giordano, Esq.
*Attorney for Plaintiff*
226 Lenox Avenue
New York, NY 10027
(212) 406-9466